James D. Weinberger (jweinberger@fzlz.com)
Jason D. Jones (jjones@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Round Star, Inc.*

FILED
CLERK

2014 NOV 13  PM 4: 20

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

# CV 14 - 6698

|  |  |
|---|---|
| ROUND STAR, INC. | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| CREATIVITY SOCCER STARS LLC and YVENER GUERRIER, | |
| Defendants. | CHEN, J. |
| | ORENSTEIN, M.J. |

Plaintiff Round Star, Inc. (hereinafter "Plaintiff" or "Super Soccer Stars") by way of

complaint against Defendants Creativity Soccer Stars LLC ("Creativity Soccer Stars") and

Yvener Guerrier ("Guerrier") (Creativity Soccer Stars and Guerrier are referred to collectively

hereinafter as "Defendants"), respectfully alleges:

## INTRODUCTION

1.      Plaintiff has operated and provided children's soccer classes, camps and clinics in

the United States for more than 14 years under the trademark SUPER SOCCER STARS,

including throughout New York City, and is the owner of a federal trademark registration for the

SUPER SOCCER STARS mark.  Guerrier is a former employee of Super Soccer Stars who,

{F1558460.1 }

following his termination with Super Soccer Stars, almost immediately formed Creativity Soccer Stars and, through this entity, began operating a competing children's soccer program under the mark CREATIVITY SOCCER STARS in New York City in an attempt to ride on Super Soccer Stars' coattails and to unfairly benefit from the renown of the SUPER SOCCER STARS mark and program. Moreover, Guerrier's operation of the CREATIVITY SOCCER STARS business (as well as his solicitation of other former Super Soccer Stars' coaches to join the CREATIVITY SOCCER STARS program) is a violation of his employment agreement with Super Soccer Stars, which prohibits him from operating a competing soccer coaching business in and around the New York City area for a period of time following his termination from Super Soccer Stars and from soliciting former Super Soccer Stars employees to join a competing business.

2.      Accordingly, Super Soccer Stars asserts claims for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement and unfair competition under the common law of New York; trademark dilution under Section 360-*l* of the New York General Business Law; and breach of contract. Super Soccer Stars seeks injunctive relief, an accounting of Defendants' profits flowing from their use of the infringing marks, damages, attorneys' fees, and such other relief as the Court deems just and proper.

## PARTIES

3.      Plaintiff, Round Star, Inc., is a corporation organized under the laws of the State of New York with a principal place of business at 606 Columbus Avenue, 2nd Floor, New York, New York 10024.

4.      Upon information and belief, Defendant Creativity Soccer Stars, LLC is a New York limited liability company with a principal place of business at 9215 Avenue A, Brooklyn,

New York 11236.

5.       Upon information and belief, Defendant Yvener Guerrier is an individual and resident of New York and resides at 9215 Avenue A, Brooklyn, New York 11236.  Upon further information and belief, Guerrier is an owner and/or principal of Creativity Soccer Stars and is responsible for and controls the business of Creativity Soccer Stars.

**JURISDICTION AND VENUE**

6.       This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

7.       Venue is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and (c), because each Defendant resides in this district and is subject to personal jurisdiction in this district due to their transacting of business herein, because each Defendant has substantial contacts with this district, and because a substantial portion of the events at issue have arisen and will arise in this judicial district and Super Soccer Stars is suffering harm in this judicial district.

8.       This Court has personal jurisdiction over each Defendant under Sections 301 and/or 302 of the New York Civil Practice Laws and Rules because (i) each Defendant resides in this state and/or continuously and systematically conducts, transacts and solicits business in this district, (ii) the Defendants commit tortious acts within New York and this district by selling and advertising their infringing services here; and (iii) the events giving rise to this Complaint occurred in New York and/or had effects in this state.

## FACTS COMMON TO ALL ALLEGATIONS

### A. Super Soccer Stars' Business and Use of the SUPER SOCCER STARS Trademark

9.     Since at least as early as September of 2000, Super Soccer Stars has provided soccer classes, camps and clinics for children under the mark SUPER SOCCER STARS in the United States, mainly in the tri-state New York area.

10.    Super Soccer Stars' goal is to teach children soccer skills in a fun, non-competitive, educational environment as well as to provide the highest-quality soccer experience for children of all ages.

11.    To further its goal, Super Soccer Stars has developed and uses a proprietary coaching program structure that has largely contributed to its great success.  Specifically, as Super Soccer Stars' website explains, all SUPER SOCCER STARS classes and camps are "based on age-specific curricula created by a combination of early childhood, soccer, and behavioral specialists to guarantee that each child is learning and having a blast from the moment the whistle blows."  A true and correct copy of a webpage from Super Soccer Stars' *www.supersoccerstars.com* website is attached hereto as **Exhibit A**.

12.    As part of a Super Soccer Stars' class, clinic or camp, children are given a t-shirt and other gifts branded with the SUPER SOCCER STARS mark, and all classes utilize SUPER SOCCER STARS-branded soccer balls, goals, coaches' uniforms, and training vests.

13.    Through long and continuous use, and a significant investment in program development and promotion, the SUPER SOCCER STARS trademark has come to be recognized and associated exclusively with soccer coaching and instruction services and related goods from Super Soccer Stars and represents an enormous goodwill and is one of Super Soccer Stars' most valuable assets.

14.     In addition to its common law rights in the SUPER SOCCER STARS mark, Super Soccer Stars is the owner of U.S. Trademark Registration No. 2,674,491 for SUPER SOCCER STARS and Design for "educational services, namely providing soccer training and instruction services to others" in International Class 41, "clothing, namely t-shirts" in International Class 25, and "sports equipment, namely soccer balls" in International Class 28. This registration is valid, subsisting, and in full force and effect.  In addition, this registration is incontestable as to all goods and services listed therein under Section 15 of the Lanham Act, 15 U.S.C. § 1065, meaning that the registration is conclusive evidence of Super Soccer Stars' exclusive right to use the SUPER SOCCER STARS mark in commerce on or in connection with the goods or services listed in the registration, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  A printout from the United States Patent and Trademark Office's online database reflecting the registration identified above is attached hereto as **Exhibit B**.

### B.  Super Soccer Stars' Employee Agreements

15.     Super Soccer Stars' proprietary coaching program discussed above consists of, *inter alia*, confidential facts, formulas, methods of operation, curricula, and printed materials.

16.     When an employee is hired by Super Soccer Stars to coach SUPER SOCCER STARS classes, clinics and/or camps, Super Soccer Stars is required to share with the employee Super Soccer Stars' proprietary coaching program, including such confidential facts, formulas, methods of operation, curricula, and printed materials.

17.     In order to protect its proprietary coaching materials and program, Super Soccer Stars requires all employees sign an "Employee Agreement" at the time they are hired (hereinafter the "Super Soccer Stars Employee Agreement.")

18.     The Super Soccer Stars Employee Agreement prohibits, *inter alia*, a Super Soccer

Stars employee during the term of their employment with Super Soccer Stars from working for a competing soccer coaching business.

19.     The Super Soccer Stars Employee Agreement also prohibits a former Super Soccer Stars employee, following their termination with Super Soccer Stars, from "instruct[ing] children's soccer or children's movement" and from forming "any business entity . . . that engages in the business of children's soccer or children's movement" in any borough of New York City or the 100 miles surrounding New York City within the 18 months following his or her termination from Super Soccer Stars unless he or she obtains written approval from Super Soccer Stars. Likewise, the Super Soccer Stars Employee Agreement prohibits a former Super Soccer Stars employee within 18 months of his or her termination from hiring or attempting to hire any current or former employee of Super Soccer Stars to work at a competing children's soccer business.

**C. Defendants' Infringing Use of CREATIVITY SOCCER STARS and Guerrier's Breach of His Super Soccer Stars Employee Agreement**

20.     In July 2013, Guerrier contacted Super Soccer Stars via its website to apply for a coach position in the SUPER SOCCER STARS program.

21.     In response to Guerrier's on-line application, Super Soccer Stars' Director of Programs, Mr. Dean Simpson, telephoned Guerrier in early September 2013 to conduct a telephone interview. During this telephone call, and before Guerrier signed a Super Soccer Stars Employee Agreement or was hired by Super Soccer Stars, Mr. Simpson advised Guerrier at length about Super Soccer Stars' terms of employment.

22.     In response to Mr. Simpson's explanation to Guerrier about Super Soccer Stars' terms of employment, Guerrier represented that he wanted to leave the coaching position he currently held with the Brooklyn Italians soccer club in order to be part of the SUPER SOCCER

STARS program, since Guerrier explained that he saw the SUPER SOCCER STARS program in many places and had coached teams playing against SUPER SOCCER STARS teams.

23.     On both his on-line application and during his telephone interview with Mr. Simpson, Guerrier assured Super Soccer Stars that, if he was hired, he would have a wide-range of availability to coach SUPER SOCCER STARS classes, including availability to coach after-school hours every day of the week.

24.     Super Soccer Stars decided to hire Guerrier as an assistant coach and on September 13, 2013, Guerrier came to Super Soccer Stars' office and signed a Super Soccer Stars Employee Agreement which included the terms discussed in paragraphs 18-19 above.

25.     Between September 13, 2013 and October 1, 2013, Guerrier coached 12 SUPER SOCCER STARS classes in New York City.

26.     Almost immediately after Super Soccer Stars hired Guerrier however, and contrary to Guerrier's representations during the interview process, Guerrier provided Super Soccer Stars with only limited availability to coach Super Soccer Stars classes.  By way of example, after Super Soccer Stars hired Guerrier, he informed Super Soccer Stars that he was not available to coach at times that he already told Mr. Simpson he was available to coach, including some after-school hours.

27.     Upon information and belief, Guerrier's subsequently-revealed limited availability was due to the fact that Guerrier continued to coach for the Brooklyn Italians soccer club even after he had been hired and was working for Super Soccer Stars.

28.     Guerrier's employment with Super Soccer Stars ended on October 1, 2013, during an in-person meeting between Mr. Simpson and Guerrier to discuss his limited availability, when Guerrier informed Super Soccer Stars that he was quitting.

29.     Upon information and belief, on October 25, 2013 (little more than three weeks after his employment with Super Soccer Stars ended), Guerrier formed Defendant Creativity Soccer Stars and, though this entity, began operating (and currently still operates) a children's soccer program under the mark CREATIVITY SOCCER STARS, which business operates in the Brooklyn borough of New York City.

30.     Upon information and belief, on October 30, 2013, (less than one month after this employment with Super Soccer Stars ended), Guerrier purchased the domain name *www.creativitysoccerstars.com*, which is where Defendants' offer and promote their CREATIVITY SOCCER STARS program.

31.     According to their website, Defendants' CREATIVITY SOCCER STARS program offers soccer classes and clinics that are "open to welcome [sic] all boys and girls from 2 year old and up" and is "a program with soccer activities that are fun, developmentally appropriate for children to stimulate their movement and spatial awareness, interact with their peers, learn the wonderful game of soccer, [and] develop teamwork." A true and correct copy of a webpage from Defendants' *www.creativtysoccerstars.com* website is attached hereto as **Exhibit C**. In other words, under their CREATIVITY SOCCER STARS mark, Defendants offer services identical to (and competitive with) Plaintiff's SUPER SOCCER STARS program.

32.     Upon information and belief, Defendants currently (and still within the time covered by Guerrier's Super Soccer Stars Employee Agreement) employ a former Super Soccer Stars coach, Mr. Damian Sidorski (who worked at Super Soccer Stars for more than two years), as a coach in their CREATIVITY SOCCER STARS program. Mr. Sidorski was a Super Soccer Stars coach during the two weeks Guerrier coached at Super Soccer Stars and, upon information and belief, Guerrier partnered with Mr. Sidorski at a National Soccer Coaches Association of

America ("NSCAA") course that was held at a Super Soccer Stars' facility in New York in late October and early November 2013.

33.     Super Soccer Stars has not authorized or consented to Defendants' use of the CREATIVITY SOCCER STARS mark or to Guerrier's operation of and employment in the CREATIVITY SOCCER STARS program.

34.     In using the mark CREATIVITY SOCCER STARS — a mark that is confusingly similar to Plaintiff's SUPER SOCCER STARS mark — in connection with soccer coaching classes — services that are identical to and/or highly related to goods and services offered by Super Soccer Stars under the SUPER SOCCER STARS mark — Defendants have acted in willful disregard of the laws protecting Plaintiff's rights in its SUPER SOCCER STARS mark and have undermined and are continuing to undermine the value of the SUPER SOCCER STARS mark as an indicator of activities, goods and services that emanate from Super Soccer Stars.

35.     Defendants' infringing acts are likely to deceive, mislead and confuse the public concerning the source or sponsorship of Defendants' CREATIVITY SOCCER STARS services, leading consumers to mistakenly believe that Defendants' CREATIVITY SOCCER STARS services come from, or are otherwise sponsored by, affiliated with, or approved by Super Soccer Stars.

36.     Defendants' unauthorized use of the CREATIVITY SOCCER STARS mark is with a deliberate intent to ride on the goodwill and renown of Plaintiff's SUPER SOCCER STARS mark and program and with the deliberate intent to create a false impression as to the source or sponsorship of Defendants' services.  This is evidenced by, *inter alia*, the fact that Defendants chose to have Creativity Soccer Stars coaches wear during classes the same model of

t-shirt that Super Soccer Stars coaches wear in the same colors (even though Defendants had hundreds of available coaching shirt options to choose from) and Defendants use in their soccer classes the exact same brand and model of soccer goals used by Super Soccer Stars during its classes. Such willful infringement is also evidenced by the fact that the content of Defendants' *www.creativitysoccerstars.com* website copies extensively from Super Soccer Stars' *www.supersoccerstars.com* website. By way of example, Defendants' *www.creativitysoccerstars.com* website bears a large, rotating set of color images of children playing soccer that is substantially similar in size, placement and content to the rotating set of images featured near the top of Super Soccer Stars' *www.supersoccerstars.com* home page.

37. Based on Guerrier's admitted prior knowledge of Plaintiff's SUPER SOCCER STARS program and his employment with Super Soccer Stars, Defendants had actual notice of Super Soccer Stars' rights to and interest in the SUPER SOCCER STARS mark prior to their use of the confusingly similar CREATIVITY SOCCER STARS mark. As a matter of law, Defendants were on constructive notice of Plaintiff's rights in the SUPER SOCCER STARS mark based on Plaintiff's registration for the same as provided by Section 22 of the Lanham Act, 15 U.S.C. § 1072.

38. The use by Defendants of a mark confusingly similar to the SUPER SOCCER STARS mark unfairly and unlawfully wrests from Super Soccer Stars control over its trademark and reputation. Super Soccer Stars has no control over the quality of Defendants' services. As a result, Super Soccer Stars extremely valuable reputation may be permanently damaged. By way of example, to the extent Defendants fail to obtain appropriate insurance or take other measures necessary to protect the well-being of students, the potential harm to Super Soccer Stars' reputation and potential danger to the children participating would be immeasurable.

39.     Accordingly, the goodwill that Plaintiff has built up in its SUPER SOCCER STARS mark through years of substantial investment and effort is put at risk by virtue of Defendants' use of the confusingly similar CREATIVITY SOCCER STARS mark to sell and promote its own competing soccer program.

40.     Defendants' conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law.

## <u>COUNT I</u>
**(Federal Trademark Infringement By Both Defendants– 15 U.S.C. § 1114(1))**

41.     Super Soccer Stars repeats and incorporates by reference the allegations of paragraphs 1 through 40 above as if set forth fully herein.

42.     Defendants' unauthorized use of the CREATIVITY SOCCER STARS mark for services identical or related to those provided by Super Soccer Stars is likely to cause confusion, or to cause mistake, or to deceive Defendants' customers, potential consumers, and/or the public as to the source or sponsorship of Defendants' services.  Consumers are likely to be misled into believing that Defendants' services are provided by, licensed by, sponsored by, approved by or otherwise associated with Super Soccer Stars.

43.     Upon information and belief, Defendants were on both actual and constructive notice of Super Soccer Stars' exclusive rights in the registered SUPER SOCCER STARS mark prior to their own use of the CREATIVITY SOCCER STARS mark.  Defendants' use of the infringing CREATIVITY SOCCER STARS mark is willful, in bad faith, and with full knowledge of the goodwill and reputation associated with the SUPER SOCCER STARS mark, and with full knowledge that Defendants have no right, license or authority to use the SUPER SOCCER STARS mark or any other mark confusingly similar thereto, including CREATIVITY SOCCER STARS.

44.     Defendants' acts are intended to reap the benefit of the goodwill that Super Soccer Stars has created in its SUPER SOCCER STARS trademark and constitute infringement of Plaintiff's federally-registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45.     Defendants' conduct has caused and is causing immediate and irreparable injury to Super Soccer Stars and, unless enjoined by this Court, will continue to both damage Super Soccer Stars and deceive the public.  Super Soccer Stars has no adequate remedy at law.

## COUNT II
### (Federal Unfair Competition By Both Defendants – 15 U.S.C. § 1125(a))

46.     Super Soccer Stars repeats and realleges paragraphs 1 through 40 above as if fully set forth herein.

47.     Defendants' use of the CREATIVTY SOCCER STARS mark constitutes a false designation of origin and a false representation with respect to the origin of Defendants' services. Defendants' use of the CREATIVITY SOCCER STARS mark is likely to cause confusion, mistake, or deception as to the source of Defendants' services and is likely to create the false impression that Defendants are affiliated with Super Soccer Stars or that their services are authorized, sponsored, endorsed, licensed by, or affiliated with Super Soccer Stars.

48.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Defendants' conduct has caused and is causing immediate and irreparable injury to Super Soccer Stars and will continue both to damage Super Soccer Stars and to deceive the public unless enjoined by this Court.  Super Soccer Stars has no adequate remedy at law.

## COUNT III
### (Common Law Trademark Infringement and Unfair Competition By Both Defendants)

50.     Super Soccer Stars repeats and realleges paragraphs 1 through 40 above as if fully set forth herein.

51.     Defendants have used the confusingly similar CREATIVITY SOCCER STARS mark with full knowledge of Super Soccer Stars' prior rights in the SUPER SOCCER STARS mark and of the success and renown of Super Soccer Stars' services sold under and bearing the SUPER SOCCER STARS mark. Defendants' use of a mark confusingly similar to Super Soccer Stars' mark is for the willful and calculated purpose of misappropriating and trading on Super Soccer Stars' goodwill and business reputation. Furthermore, Defendants have used a mark confusingly similar to Super Soccer Stars' mark for the willful and calculated purpose of causing confusion and mistake among the public and of deceiving the public as to the nature and origin of Defendants' services in violation of Super Soccer Stars' rights under the common law of the state of New York.

52.     Upon information and belief, Defendants were on notice of Super Soccer Stars' exclusive rights in the SUPER SOCCER STARS mark before adopting the confusingly similar CREATIVITY SOCCER STARS mark by virtue of Guerrier's employment with Super Soccer Stars and by virtue of Super Soccer Stars' federal trademark registration for the SUPER SOCCER STARS mark. As a result, Defendants' adoption of a confusingly similar mark to the SUPER SOCCER STARS mark is willful, in bad faith and with full knowledge of Super Soccer Stars' prior use of, exclusive rights in, and ownership of the SUPER SOCCER STARS mark, and with full knowledge of the reputation and goodwill associated with that mark. By using a confusingly similar mark to the SUPER SOCCER STARS mark without authorization, Defendants have been unjustly enriched and Super Soccer Stars has been damaged.

53.     The aforesaid conduct of Defendants constitutes unfair competition and trademark infringement under the common law of the State of New York.

54.     Defendants' conduct has caused and is causing immediate and irreparable injury to Super Soccer Stars and will continue to both damage Super Soccer Stars and to deceive the public unless enjoined by this Court.  Super Soccer Stars has no adequate remedy at law.

**COUNT IV**
**(Dilution Under New York Law By Both Defendants—N.Y. Gen. Bus. Law § 360-*l*)**

55.     Super Soccer Stars repeats and realleges paragraphs 1 through 40 above as if fully set forth herein.

56.     As a result of extensive use and promotion of the SUPER SOCCER STARS mark and the services offered thereunder by Super Soccer Stars for more than a decade, the SUPER SOCCER STARS mark is highly distinctive of Super Soccer Stars' services and is widely recognized among the consuming public as a designation of source of Super Soccer Stars' services.  The SUPER SOCCER STARS mark was distinctive and widely known long before Defendants commenced their unauthorized use of the substantially similar CREATIVITY SOCCER STARS mark as described herein.

57.     Defendants' unauthorized use the CREATIVITY SOCCER STARS mark is diluting and is likely to continue diluting the SUPER SOCCER STARS mark by blurring the distinctiveness thereof and is likely to injure Super Soccer Stars' business reputation in that it has removed Super Soccer Stars' reputation from its own control and that deficiencies in or complaints about Defendants' services will redound to the harm of Super Soccer Stars, all in violation of Section 360-*l* of the General Business Law of the State of New York.

58.     Defendants' conduct has caused and is causing immediate and irreparable injury to Super Soccer Stars and will continue to both damage Super Soccer Stars and to deceive the

public unless enjoined by this Court.  Super Soccer Stars has no adequate remedy at law.

**COUNT V**
**(Breach of Contract by Guerrier)**

59.　Super Soccer Stars repeats and realleges paragraphs 1 through 40 above as if fully set forth herein.

60.　Guerrier entered into a Super Soccer Stars Employee Agreement on September 13, 2013 and is bound by the terms of that contract.

61.　Less than one month after his employment with Super Soccer Stars ended, Guerrier formed and began operating (and still operates) Creativity Soccer Stars, a business entity that engages in children's soccer instruction in Brooklyn, New York.  Such conduct is in direct violation of the terms of Guerrier's Super Soccer Stars Employee Agreement.

62.　Through his CREATIVITY SOCCER STARS business, Guerrier currently employs Mr. Sidorski, a former Super Soccer Stars coach who Guerrier knew was a former Super Soccer Stars employee, by virtue of working with Mr. Sidorski at Super Soccer Stars and partnering with Mr. Sidorski at an NSCAA course taken by both men at a Super Soccer Stars facility.  Such conduct is in direct violation of the terms of Guerrier's Super Soccer Stars Employee Agreement.

63.　The aforesaid conduct of Guerrier constitutes breach of contract.

64.　As a direct and proximate result of Guerrier's breach of contract, Super Soccer Stars has suffered and continues to suffer immediate and irreparable injury and damage.  Such injury and damage will continue unless enjoined by this Court.  Super Soccer Stars has no adequate remedy at law.

*　　*　　*

**WHEREFORE**, Plaintiff Round Star, Inc. respectfully demands judgment as follows:

1) That a permanent injunction be issued enjoining Defendants jointly and severally, and any of their officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by any of the Defendants, from:

(a) imitating, copying or making unauthorized use of the mark SUPER SOCCER STARS, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the SUPER SOCCER STARS mark, including CREATIVITY SOCCER STARS (any such mark, a "Prohibited Mark"), in or as part of any corporate name, trademark, service mark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark on or in connection with any goods, businesses or services offered by Defendants or the advertising or promotion thereof;

(b) using a Prohibited Mark to refer to or describe any products, goods or services offered by or on behalf of Defendants or any individual, entity or other third party affiliated with Defendants;

(c) using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code or other Internet search term, or otherwise using a Prohibited Mark on or in connection with any website owned or controlled by Defendants;

(d) applying to register or registering in the United States Patent and Trademark Office, or in any state trademark registry, any Prohibited Mark, including the CREATIVITY SOCCER STARS mark;

(e) using a Prohibited Mark in connection with the promotion, advertisement, sale, offering for sale or the provision of any goods or services;

(f) engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of the SUPER SOCCER STARS mark; or

(g) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2) Directing that Defendants deliver up to Super Soccer Stars' attorneys for destruction all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials currently in their possession or under their control, incorporating, featuring or bearing the CREATIVITY SOCCER STARS mark or that incorporate, feature or bear any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the SUPER SOCCER STARS mark.

3) Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any service offered or promoted by Defendants within the United States is authorized by Super Soccer Stars or related in any way to Super Soccer Stars or that Defendants are otherwise affiliated with Super Soccer Stars.

4) Directing that Defendants file with the Court and serve upon Super Soccer Stars' counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

5) That an injunction be issued enjoining Guerrier, and any of his agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with him, and any entity owned or controlled in whole or in part by him, from instructing children's soccer or children's movement classes or from operating a business that offers the same in any borough of New York City or within 100 miles of any Super Soccer Stars location outside of New York City until the expiration of Guerrier's obligations under his Super Soccer Stars Employee Agreement on April 1, 2015 and from otherwise engaging in any other conduct that constitutes a breach of Guerrier's Super Soccer Stars Employee Agreement.

6) Awarding Super Soccer Stars such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement and unfair competition and Guerrier's breach of contract.

7) Awarding Super Soccer Stars all gains, profits, property and advantages derived by Defendants from their unlawful conduct and, pursuant to 15 U.S.C. § 1117, awarding Super Soccer Stars an amount up to three times the amount of actual damages sustained as a result of Defendants' violation of the Lanham Act.

8) Awarding to Super Soccer Stars exemplary and punitive damages to deter any further willful trademark infringement as the Court finds appropriate.

9) Awarding to Super Soccer Stars its costs and disbursements incurred in this action, including reasonable attorneys' fees.

10) Awarding to Super Soccer Stars interest, including pre-judgment interest on the foregoing sums.

{F1558460.1 }

**11)**     Awarding to Super Soccer Stars such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial in this action.

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

Dated: November 13, 2014          By: _____

James D. Weinberger (jweinberger@fzlz.com)
Jason D. Jones (jjones@frosszelnick.com)
866 United Nations Plaza
New York, New York 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901

*Attorneys for Plaintiff Round Star, Inc.*

EXHIBIT A




**SUPER SOCCER STARS**
NY Metro Region

Home   Classes   Camps   Birthdays   Private Groups   About



Photo: Warming up for our Monday morning class!

🏠 Home › Classes

# Classes

All Super Soccer Stars classes are based on age-specific curricula created by a combination of early childhood, soccer, and behavioral specialists to guarantee that each child is learning and having a blast from the moment the whistle blows.

Choose from one of the Class Types below, or click on the button to search all of our class options!

**Come Kick with Us!**





**SEARCH THE FULL SCHEDULE  >**

Child's Age Group
All Ages
Zip Code

**SEARCH  >**



FIND A CLASS!

## Class Types



### Open Enrollment ⊙

Weekly classes based on age appropriate curricula with low child to coach ratios to ensure individual attention and fun!

### Afterschool Programs ⊙

We work with early childhood, elementary, middle school, and high school programs all throughout the Tri-State area

### Fall 2014 ⊙

Our Fall season has officially started! With more indoor and outdoor classes than ever, check out what we have near you



### Private Groups ⊙

You say when, you say where, we bring the fun!

Got questions? Feel free to give us a call!   📞 **212-877-7171**



**SEE OUR OTHER PROGRAMS**






☆ **SHINE** ☆

**Super Soccer Stars Shine**

A unique program for special needs kids that uses soccer to teach life




**Kick & Play**

Fun-filled movement program for





**Super Soccer Stars Premier**

An advanced soccer development



**Find Us**

606 Columbus Ave. at 89th St.
New York, NY 10024
**212-877-7171**

Q See Our Class Locations

**SUBSCRIBE TO OUR NEWSLETTER**

**Sponsors**

Just Kidding

**More**

Store
Afterschool Programs
Contact Us
Join Our Team
Agreement

**Log In**

Coach Log In
Partner Log In
Private Groups Log In

Copyright © 2014 Super Soccer Stars. All rights reserved. | Privacy Policy | Q Search the site

EXHIBIT B

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2014-11-13 10:11:56 EST |
| **Mark:** | SUPER SOCCER STARS |



| | | | |
|---|---|---|---|
| **US Serial Number:** | 76336787 | **Application Filing Date:** | Nov. 13, 2001 |
| **US Registration Number:** | 2674491 | **Registration Date:** | Jan. 14, 2003 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark, Service Mark | | |
| **Status:** | The registration has been renewed. | | |
| **Status Date:** | Jan. 25, 2013 | | |
| **Publication Date:** | Oct. 22, 2002 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | SUPER SOCCER STARS |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S)/NUMBER(S) |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Lining and Stippling Statement:** | The stippling is for shading purposes only and does not indicate color. |
| **Disclaimer:** | "SUPER SOCCER" |
| **Design Search Code(s):** | 21.03.15 - Volleyballs; Soccer balls<br>26.17.01 - Bars, straight; Bands, straight; Lines, straight; Straight line(s), band(s) or bar(s)<br>26.17.06 - Bands, diagonal; Bars, diagonal; Diagonal line(s), band(s) or bar(s); Lines, diagonal |

## Related Properties Information

| | |
|---|---|
| **International Registration Number:** | 1177029 |
| **International Application(s) /Registration(s) Based on this Property:** | A0037695/1177029 |

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | clothing, namely T-shirts | | |
| **International Class(es):** | 025 - Primary Class | **U.S Class(es):** | 022, 039 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Sep. 2000 | **Use in Commerce:** | Sep. 2000 |

| | | | |
|---|---|---|---|
| **For:** | sports equipment, namely soccer balls | | |
| **International Class(es):** | 028 - Primary Class | **U.S Class(es):** | 022, 023, 038, 050 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Sep. 2000 | **Use in Commerce:** | Sep. 2000 |

| | | | |
|---|---|---|---|
| **For:** | educational services, namely providing soccer training and instruction services to others | | |
| **International Class(es):** | 041 - Primary Class | **U.S Class(es):** | 100, 101, 107 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Sep. 2000 | **Use in Commerce:** | Sep. 2000 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** Yes | **Currently Use:** Yes | **Amended Use:** No |
| **Filed ITU:** No | **Currently ITU:** No | **Amended ITU:** No |
| **Filed 44D:** No | **Currently 44D:** No | **Amended 44D:** No |
| **Filed 44E:** No | **Currently 44E:** No | **Amended 44E:** No |
| **Filed 66A:** No | **Currently 66A:** No | |
| **Filed No Basis:** No | **Currently No Basis:** No | |

## Current Owner(s) Information

**Owner Name:** Round Star, Inc.

**Owner Address:** 606 Columbus Ave., 2nd Floor
New York, NEW YORK 10024
UNITED STATES

**Legal Entity Type:** CORPORATION

**State or Country Where Organized:** NEW YORK

## Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** Tamar Niv Bessinger

**Docket Number:** GSZU 0107325

**Attorney Primary Email Address:** bessinger-docket@fzlz.com

**Attorney Email Authorized:** Yes

### Correspondent

**Correspondent Name/Address:** Tamar Niv Bessinger
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 UNITED NATIONS PLAZA
NEW YORK, NEW YORK 10017
UNITED STATES

**Phone:** 212-813-5900

**Fax:** 212-813-5900

**Correspondent e-mail:** bessinger-docket@fzlz.com

**Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jan. 25, 2013 | NOTICE OF ACCEPTANCE OF SEC. 8 & 9 - E-MAILED | |
| Jan. 25, 2013 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) | 75461 |
| Jan. 25, 2013 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | 75461 |
| Jan. 25, 2013 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 75461 |
| Jan. 08, 2013 | TEAS SECTION 8 & 9 RECEIVED | |
| Oct. 23, 2008 | NOTICE OF DESIGN SEARCH CODE MAILED | |
| Jun. 06, 2008 | CASE FILE IN TICRS | |
| Mar. 07, 2008 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 59807 |
| Feb. 22, 2008 | ASSIGNED TO PARALEGAL | 59807 |
| Feb. 19, 2008 | TEAS SECTION 8 & 15 RECEIVED | |
| Jan. 14, 2003 | REGISTERED-PRINCIPAL REGISTER | |
| Oct. 22, 2002 | PUBLISHED FOR OPPOSITION | |
| Oct. 02, 2002 | NOTICE OF PUBLICATION | |
| Aug. 07, 2002 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jul. 30, 2002 | EXAMINERS AMENDMENT MAILED | |
| Jun. 27, 2002 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Jun. 27, 2002 | PAPER RECEIVED | |
| Jan. 24, 2002 | NON-FINAL ACTION MAILED | |
| Jan. 23, 2002 | ASSIGNED TO EXAMINER | 73359 |

## Maintenance Filings or Post Registration Information

| Affidavit of Continued Use: | Section 8 - Accepted |
| Affidavit of Incontestability: | Section 15 - Accepted |
| Renewal Date: | Jan. 14, 2013 |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| Current Location: | GENERIC WEB UPDATE | Date in Location: | Jan. 25, 2013 |

EXHIBIT C

# Creativity SoccerStars



HOME   PROGRAMS   GALLERY   ABOUT US   CAMPS   SPONSORSHIP   CONTACT US   POLICIES

Find us on Facebook

Creativity
Soccer Stars
Like   438



## WELCOME!

To CREATIVITY SOCCER STARS

**WHETHER YOU CALL IT SOCCER OR FOOTBALL, WE LOVE THIS GAME. WE THINK YOU AND YOUR CHILD WILL, TOO.**

Creativity Soccer Stars is open to welcome all boys and girls from 2 year old and up. We take time to create a program with soccer activities that are fun, developmentally appropriate for children to stimulate their movement and spatial awareness, interact with their peers, learn the wonderful game of soccer, develop teamwork. Our innovative curriculum emphasizes both soccer skills and character development. Our goal is to enhance children's soccer skills and understanding of the game, leave a positive impact on every child we serve. Our philosophy is to use soccer to promote socialization, to build self-confidence, strengthen physical development. Each class is delivered by highly enthusiastic and experienced soccer coaches.

## OUR COACHES




**Better Players Need Better Coaches**






Weekly classes are based on age appropriate curricula. Skill development is the central piece in every session, focusing on dribbling, passing, shooting receiving and defending really count for us to optimize the experience of each child.

Creativity Soccer Stars connects you and your child with skilled, professional soccer coaches. Children are exposed to a number of new skills, a familiar environment, and experienced a physically active lifestyle that are essential for a lifelong health and well being. We provide equipment such as (soccer ball, nets, cones, t-shirts etc..) to help children exploit their talent to the maximum. Each session typically runs between 40 to 60 minutes, with one session per week over a 10 weeks period.

**Contact us : 718.495.5382**
**Email: administration@creativitysoccerstars.com**